Submitted December 4, 2015, reversed January 27, 2016

In the Matter of L. D. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

L. D. A.,
*Respondent,*

*v.*

A. A.,
*Appellant.*

Coos County Circuit Court
14JV0059;
Petition Number 030314LA;
A159808

366 P3d 801

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Megan L. Jacquot filed the brief for respondent child.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Nakamoto, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Father appeals a permanency judgment changing the permanency plan for his child from reunification to guardianship. According to father, at the permanency hearing, neither the Department of Human Services nor any other party offered evidence regarding DHS's efforts at reunification. However, after the hearing, "and with no notice to the parties," the court took "'judicial notice' of court reports from the department and [Court Appointed Special Advocate (CASA)] and statements made at the hearing by the parties' attorneys." Father asserts that, although ORS 419A.253 and OEC 201(b) would have authorized "the court to take judicial notice of facts 'not subject to reasonable dispute' and 'capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned,'" no source of law authorized "the court to take 'judicial notice' off the record, after the close of a hearing." Furthermore, he asserts, the attorney statements and the contents of the reports are subject to reasonable dispute and are not subject to judicial notice.

Both DHS and child concede that, "under the circumstances of this case, the juvenile court erred in taking judicial notice of the department's court report, the CASA court report, and the statements of the attorneys at the permanency hearing, and in changing the permanency plan from reunification to guardianship." They acknowledge that the court "did not comply with ORS 419A.253 because it failed to take judicial notice of the documents and statement on the record at the permanency hearing, and failed to give the parties an opportunity to object." Accordingly, the court could not permissibly rely on the information contained in the reports and statements in determining whether DHS had made active efforts to allow the child to return home or whether father had made sufficient progress. Thus, DHS and child agree that the court erred in changing the plan from reunification to guardianship and that the judgment should be reversed. We agree, and accept the concession.

Reversed.